WILLIAM A. McSHERRY *vs.* WALTER B. BROOKS and
RANDOLPH BARTON, Assignees in Bankruptcy of
KIRKLAND, CHASE & COMPANY.

*Partnership—Promissory note—Burden of proof—Inadmissi-
bility of parol evidence to contradict and change the legal
import of a negotiable note in the hands of an endorsee—
What defences may and may not be availed of in an action
against the maker by the endorsee of an overdue note—Effect
of an endorsement made upon a note by the maker for the
expressed purpose of reviving it—Admissibility of such note
so endorsed in evidence under a count upon an account
stated—Practice under the Act of 1864, ch. 6.*

An action at law cannot be maintained by one partner against another involv-
ing the state of the partnership accounts.

But one partner may sue another at law on a promise to pay a balance which
has been ascertained and agreed upon.

And *a fortiori* may an action at law be maintained on negotiable promissory
notes given by one partner to another for the amount of the balance ascer-
tained upon dissolution.

And it would not be competent for the defendant to defeat such action by
showing that there had been no final settlement of partnership accounts.

An adjustment of their partnership affairs was made by agreement under seal
between S. and McS. as partners, which by agreement, was made, subject
to the future possibility of a change in the amount of the assets that might
be realized from the debts due the firm. If any collections could be made
on account of debts supposed at the time to be bad or doubtful, McS. was
to be entitled to a proportionate abatement from the amount of certain
promissory notes, which he gave to S. in settlement of his proportion of the
indebtedness of the firm as ascertained by said adjustment. While on the
other hand if, by the exercise of due diligence, less could be realized than
was supposed to be good, McS. was to be charged with a proportionate

amount of said loss. In an action against McS. by the endorsee after maturity of these notes, HELD:

1st. That the *onus* was upon the defendant as to any collections of such bad or doubtful debts as would entitle him to a credit upon the notes.

2nd. That notwithstanding the notes were overdue from the time they were made, yet, being made negotiable in form, they were negotiable at the time they were transferred to the plaintiffs.

3rd. That the endorsees having taken the notes overdue, it would have been competent for the defendant to avail himself of any equities that attached to the notes themselves, or to show a want of consideration, or that they had been transferred to the plaintiffs in trust for the maker; but not to destroy their legal import and operation, by the introduction of parol evidence of an agreement that the notes were not to be negotiated; or that they were not to be sued on until it should be ascertained whether certain debts could be realized or not.

When the notes were nearly out of date, the defendant was called on by the holder of them, and notified that unless something was done suit would be brought upon them. Whereupon the defendant signed the following endorsement upon each of the notes: "Paid Dec. 16th, 1872, $5.00 on acct. of this note to revive the same." HELD:

That if the parol evidence of the agreement relied on by him. as a defence, were otherwise admissible, the defendant had effectually precluded himself from the resort to such defence by said endorsement upon the notes.

HELD further in said action:

1st. That it was not necessary to require the jury to find, as essential to the plaintiffs' right of recovery, that all the partnership debts of S. and McS. had been paid.

2nd. That where as in this case the defendant has appeared and pleaded, and the cause has been brought to trial in regular course, the affidavit filed with the declaration to entitle the plaintiff to a judgment by default, under the Act of 1864, ch. 6, as authorized by the Act, in no manner controls the nature and character of the proof that may be offered by the plaintiff in support of his action.

3rd. That if there were any question of the plaintiffs' right to recover on the notes as specially declared on, there could be none whatever of their right to recover on them with the defendant's endorsement thereon, under the count on an account stated.

McSherry *vs.* Brooks and Barton, Trustees.

APPEAL from the Baltimore City Court.

The case is stated in the opinion of the Court.

*Exception.*—At the trial the plaintiffs offered the following prayer :

The plaintiffs asked the Court to instruct the jury, that if they find that the defendant executed the five promissory notes sued on, and delivered them to Shurtz, the payee, and that said notes were endorsed for value by said Shurtz to the commercial firm of Kirkland, Chase & Co., before its failure, and that the plaintiffs are the assignees in bankruptcy of said firm, appointed after its failure, and that said notes passed to said plaintiffs, as such assignees, and that the defendant made to the plaintiffs, then being holders of said notes, the payments mentioned in the agreements, dated 16th December, 1872, and that said agreements were signed by said defendant, and endorsed on said notes respectively, and that in consequence thereof, the defendant received the indulgence testified to by the witness Barton ; and that said notes, when they were passed by the defendant to said Shurtz, as aforesaid, were so passed to secure to him the payment of the amount found to be due from the defendant to the firm of W. A. McSherry & Co., under the agreement dated January 1, 1870, entered into upon the dissolution of said firm, given in evidence, then the plaintiffs are entitled to recover in this suit the amount of said notes and interest ; unless the jury shall find that said Shurtz has collected, or could have collected a larger sum from the bad and doubtful debts referred to in said agreement, than the amount which has proved to be bad of the debts which by said agreement were taken by him as good ; and if the jury should find that said Shurtz collected or could have collected a larger sum from said bad and doubtful debts, than the amount which has proved to be bad, of the debts which he took as good, then the plaintiffs are entitled to recover the amount of said notes and interest, after crediting to the defendant thereon,

McSherry *vs.* Brooks and Barton, Trustees.

one-third of the amount of such larger sum or excess so collected by said Shurtz, with interest on such excess ; and if the jury should find that no part of the debts which said Shurtz, by said agreement took as good, has proved to be bad, then the defendant is entitled to a credit for one-third of all the debts taken as bad or doubtful, which said Shurtz has collected or could have collected, with interest thereon.

And the defendant the twelve following prayers :

1. The defendant prays the Court to instruct the jury, that if they believe from the evidence, that Mr. Shurtz and Mr. McSherry were co-partners, and dissolved and accounted together, at or about the date of the cause of action in this case, and that said causes of action represented the balance then in favor of Mr. Shurtz, and that the said causes of action were past due at the time of their execution and delivery to Mr. Shurtz, if the jury shall find that said causes of action were delivered to Mr. Shurtz, and that the aforesaid accounting between Mr. Shurtz and Mr. McSherry, was not a final accounting, but that they were outstanding claims due to and by the said Shurtz and McSherry, and that the said Shurtz undertook and agreed that the said McSherry should be debited on account of future payments by the said Shurtz, and should be credited for payments to the said Shurtz of said claims so due by and to the said Shurtz and McSherry, or that it was intended that another account should be had between the said parties furnished by said Shurtz, then the said causes of action are memoranda of indebtedness then existing, to be changed by subsequent payments and disbursements, and not promissory notes ; that a final accounting by Mr. Shurtz to Mr. McSherry, was a condition precedent to the bringing of a suit by Shurtz against McSherry, and that there is no evidence of an account between the said Shurtz and the said McSherry, and their verdict must be for the defendant.

McSherry *vs.* Brooks and Barton, Trustees.

2. If the jury shall find from the evidence, that Mr. Shurtz promised and agreed with McSherry, that Mr. Shurtz would keep the said promissory notes in his possession, and not pass them away, and Mr. McSherry delivered said notes to Mr. Shurtz, upon this agreement and understanding, and if they shall further find that said Mr. Shurtz passed the notes away, and that said notes were past due at the time of their being so passed away, then their verdict must be for the defendant in this action.

3. That the plaintiffs cannot recover upon the first five counts under the pleadings and evidence in this case, because they have shown to the jury that their causes of action do not represent the true state of accounts between Mr. Shurtz and Mr. McSherry, and they cannot recover on the sixth count, because they have not shown any accounts stated between the plaintiffs or Mr. Shurtz with the defendant.

4. That even if the jury should find that there is and was an outstanding indebtedness between McSherry and Shurtz, yet they cannot find for the plaintiffs, because there is no sufficient assignment by Shurtz, of any such outstanding indebtedness to the plaintiffs in this case, and Mr. Shurtz is not now in a condition to make such assignment, and the verdict must be for the defendant.

5. That in making up their verdict, the jury must exclude all evidence pertaining to the state of accounts between Shurtz and McSherry at the time of the dissolution of the co-partnership or afterwards, whether they find the amount due by McSherry to Shurtz greater or less than the face of the notes, if the jury believe that the notes were given by McSherry to Shurtz, as memoranda of indebtedness, upon condition that the said notes were to remain in Shurtz's safe and possession, and he would not pass them away, and that a final account should be stated between them at some future time; and if they find that such an understanding or agreement existed, to wit: That Shurtz

McSherry *vs.* Brooks and Barton, Trustees.

would keep the said notes in his possession and not pass them away, and would render a final account to McSherry, then such an agreement is a condition precedent to the bringing of a suit by Shurtz against McSherry, and if they find that the said notes passed to the plaintiffs insolvents, after maturity, then the plaintiffs are affected with notice of said agreement and understanding, and occupy before this jury the position of Mr. Shurtz, and are not entitled to recover unless they have satisfied the jury that said precedent condition has been performed by said Shurtz.

6. That before the plaintiffs can recover, if the jury believe that Mr. Shurtz undertook to pay the partnership debts of Wm. A. McSherry & Co., the plaintiffs must produce a release in full to said Wm. A. McSherry & Co., of the creditors of that firm, releasing Wm. A. McSherry from his liability as a member of said firm, and that the mere assertion of Mr. Shurtz in this case, that he paid the debts of the partnership of W. A. McSherry & Co., is not sufficient evidence in the law, of a payment by him of said debts, though they should find that McSherry had not been hitherto called upon to pay said debts.

7. That if the jury believe from the evidence that the defendant paid to the plaintiffs the sum of $5 on each of said notes, the causes of action in this case, "to revive" the same, as is set forth on the back of said notes offered in evidence by plaintiffs, and that said defendant promised to pay said notes, and that at the time of said payment and promise, said notes were past due and in the possession of the plaintiffs; that such payment and promise do not preclude the defendant from setting up such defences as he had before said payment and promise, except the Statute of Limitations, which said defendant has not pleaded in this case, nor do such payment and promise alter the character and nature of said notes as originally impressed upon them at the time of their execution, nor preclude the

McSherry *vs.* Brooks and Barton, Trustees.

defendant from showing all the transactions and circumstances attendant upon the execution of said notes, which attendant transactions and circumstances are in the law called the *res gestœ*.

8. That if the jury believe from the evidence that Mr. McSherry executed the notes, the causes of action in this case, and passed them to Mr. Shurtz, past due on their face, and that the said notes were for an antecedent indebtedness, and that said notes were executed and delivered with the understanding and agreement on the part of Mr. Shurtz that he would not pass them away but keep them himself, then the execution and delivery of said notes by McSherry for such antecedent debt, was a good and valid consideration for said promise and agreement on the part of Mr. Shurtz, said agreement and undertaking were a part of said notes, the attempt by Mr. Shurtz to pass said notes after maturity to the plaintiffs insolvents was a breach of his said undertaking and agreement, said plaintiffs insolvents and said plaintiffs were affected with notice of said undertaking on the part of said Shurtz, and the said plaintiffs have no standing in this Court on the said notes, and the verdict of the jury on the first five counts in the plaintiffs' *narr.* must be for the defendant.

9. If the jury shall find from the evidence that the defendant executed the notes offered in evidence and delivered them to Mr. Shurtz, when they were overdue on their face, and that Mr. Shurtz was then a partner of the defendant, and that at the time of the execution and delivery of the said notes, it was agreed between the said defendant and Mr. Shurtz that the said notes did not represent the indebtedness between them, but that said indebtedness was to be determined by an account of the partnership transactions of defendant and Mr. Shurtz, which the latter agreed to render ; and if the jury shall further find that Mr. Shurtz has never rendered any account to the defen-

McSherry *vs.* Brooks and Barton, Trustees.

dant of the partnership transactions as agreed, then the plaintiffs are not entitled to recover.

10. If the jury shall believe from the evidence that Shurtz and McSherry were co-partners, and about January 1, 1870, took stock and made other arrangements with a view to the dissolution of their co-partnership, and found, according to the then existing condition of their partnership affairs, that the indebtedness of McSherry to Shurtz was a certain sum ; and if the jury shall further find that McSherry for that sum executed to Shurtz the promissory notes offered in evidences by plaintiffs, and that the said notes were then on their face overdue, and that said notes were understood by both partners not to represent the state of accounts between them, but that certain partnership matters to come up thereafter would modify and change said sum, and that thereupon another accounting was to be had between said co-partners, and that such other accounting was never in fact had between said partners ; and if the jury shall further find that said partnership matters, or some of them, did come up to modify and change said sum, and that the exact state of accounts between said co-partners had not been ascertained by said co-partners before the bringing of this suit, then the plaintiffs cannot recover.

11. That the plaintiffs cannot recover upon their sixth count in their declaration, because they brought their suit under the Act of 1864, with an affidavit setting forth the causes of action upon which they grounded their said suit, to wit: the promissory notes offered in evidence by said plaintiffs, and that the said plaintiffs cannot at the trial base their said suit upon a different cause of action from the one sworn to by them, to wit: upon an account stated ; and the jury must exclude from their deliberations all evidence tending to show an account stated between said plaintiffs and said defendant, or tending to prove any other cause of action except said promissory notes, the causes of action referred to in said affidavit.

McSherry *vs.* Brooks and Barton, Trustees.

12. The defendant prays the Court to instruct the jury that upon the pleadings and evidence in this case, the plaintiffs cannot recover.

The Court (BROWN, J.,) granted the plaintiffs' prayer, and refused the defendant's prayers. The defendant excepted.

The jury rendered a verdict for the plaintiffs, and judgment was entered accordingly. The defendant appealed.

The cause was argued before BARTOL, C. J., GRASON, MILLER, ALVEY and ROBINSON, J.

*J. B. Wentz,* for the appellant.

*F. W. Brune,* for the appellees.

By the true meaning of the agreement of dissolution, the notes taken under it, were to stand and to be enforced, as the least debt due by the appellee to Shurtz and his assigns, under said agreement, unless said Shurtz should collect a larger sum from the appellees' proportion of the outstanding *bad* or *doubtful* debts than he could charge to the appellant for his proportion of the debts called *good,* which Shurtz should fail to collect, and as the jury found that there should be no credit on said notes, in favor of the appellant, on account of such collections, the jury rightfully, under the instruction of the Court, contained in appellees' prayer, found a verdict for the appellees for the amount of said notes and interest, and the Court properly rejected the appellant's first, fifth, ninth and tenth prayers, which permitted the jury to find, that under said agreement, said promissory notes were mere memoranda of indebtedness then existing, to be changed by subsequent payments and disbursements, and that a final accounting between Shurtz and McSherry, was a condition precedent to the bringing of suit by Shurtz against McSherry, and that there was no evidence of such an accounting between

them. 2 *Pars. on B. & N.*, 501-2; *Rawson vs. Walker*, 1 *Stark*, 361, (2d *E. C. L.*, 427;) *Moseley vs. Hanford*, 10 *B. & C.*, 729, (21st *E. C. L.*, 156;) *Foster vs. Jolly*, 1 *Comp.*, *M. & R.*, 703, 707.

In opposition to said written agreement, and the negotiable notes given in accordance with it, the appellant cannot set up as one of the terms or conditions of said agreement not appearing in the written paper, that Shurtz was to keep them in his safe or possession, and not negotiate or pass them away, and, therefore, the Court properly rejected the appellant's second, fifth, seventh and eighth prayers. See cases under previous point, and *Bladen vs. Wells*, 30 *Md.*, 581; *Long vs. Crawford*, 18 *Md.*, 221; *Renwick vs. Williams*, 2 *Md.*, 364.

Even if appellant could set up the alleged agreement to keep and not negotiate or pass away said notes, in a controversy between Shurtz and him on said notes, which the appellees deny, yet the appellant cannot set up such a defence against them who are *bona fide* holders for value, without notice of such agreement, and that the agreement between them as such holders, and the appellant, of the 16th of December, 1872, revive said notes, made upon the consideration of indulgence, estops the appellant from setting up any such defence, and therefore, appellees contend that the Court properly rejected appellant's seventh prayer. *Funk vs. Newcomer*, 10 *Md.*, 317; *Starr vs. Yourtee*, 17 *Md.*, 351; *Brown vs. Rowles*, 21 *Md.*, 28; *Stallings vs. Kirby*, 27 *Md.*, 156; *Abrahams vs. Sheehan*, 40 *Md.*, 459; *Md. Fire Ins. Co. vs. Gusdorf*, 43 *Md.*, 513-4; *Fall River Bank vs. Buffinton*, 97 *Mass.*, 499, 500; *Tobey vs. Chipman*, 13 *Allen*, 124, 125.

The Court properly rejected apppellant's third prayer for the reason already given against his other prayers, and also because the promissory notes given in evidence were themselves evidence of an account stated in addition to the other evidence in the record, showing that their agreement

McSherry *vs.* Brooks and Barton, Trustees.

to dissolve was necessarily and in fact connected with a careful statement and settlement of the accounts between them. *Lee vs. Tinges,* 7 *Md.,* 227 ; *Sanders'· Plead. & Ev.,* 31.

The fact that Shurtz and McSherry had been partners, and that Shurtz, after dissolution, was charged with collecting the outstanding, bad and doubtful debts, according to the agreement, did not prevent or affect the liability at law of McSherry upon the notes, especially when in the hands of a third party who is *bona fide* holder for value, which is a question raised under the apppellant's tenth prayer. *Wadsworth vs. Manning,* 4 *Md.,* 59 ; *Parsons on Partnership,* 278, 279.

ALVEY, J., delivered the opinion of the Court.

This action was brought by the assignees in bankruptcy of Kirkland, Chase & Co., indorsees of five promissory notes, against the defendant, the maker. The notes all bear date the 1st of January, 1870, though the proof is that they were made on the 10th of January, 1870. Each of the notes is for the sum of $5,652.89, making in the aggregate the sum of $28,264.46. All these notes were drawn in the ordinary form, and made payable to the order of W. D. Shurtz, one day after date.

The declaration contains six counts ; five upon the several promissory notes, and the sixth upon an account stated. To this declaration the defendant pleaded, and issues were joined.

The facts of the case are few and do not appear to be disputed.

The defendant and W. D. Shurtz, prior to the 10th of January, 1870, had been engaged as partners in the grocery business, under the name of W. A. McSherry & Co. ; and on the 10th of January, 1870, the partnership was dissolved, under an agreement between the partners as to the mode of settlement. At that date an account

8          v. 46.

McSherry vs. Brooks and Barton, Trustees.

was stated, and a large deficit was found to exist; and Shurtz undertook the settlement of all partnership liabilities, and the defendant, in consideration of such undertaking, agreed to give Shurtz his note for $28,264.46, dated the 1st of January, 1870, payable one day after date. This was the amount ascertained at the time that the defendant would have to contribute to make up the deficiency in the assets of the firm, upon the assumption that of all the debts due the firm many of them were either bad or doubtful. The record contains the account of the condition of the partnership at this date, in the handwriting of the defendant himself; and in the schedule of debts those supposed to be bad or doubtful were distinguished from the good. The agreement entered into at the time of dissolution is as follows: "In view of W. D. Shurtz settling the accounts of W. A. McSherry & Co., W. A. McSherry has given his note, dated January 1st, 1870, one day after date, for $28,264.46, with interest, with the understanding that if any accounts or parts of accounts now taken as bad and doubtful, should hereafter be collected, he, the said W. A. McSherry, is to be credited on the said note with his proportion of the amount, which is one-third. Also, if any debts due to W. A. McSherry & Co., that are now taken as good, should prove to be bad, he, the said W. A. McSherry, is to be charged with his proportion, which is one-third the amount, on said note."

This agreement is under the hands and seals of the parties, and was produced from the possession of the defendant. It was proved, indeed conceded, that instead of one note as contemplated by the agreement, the five notes sued on were substituted. These notes were held by Shurtz for several months, and he then indorsed them to Kirkland, Chase & Co., without recourse, in part payment of a prior indebtedness of $188,000. After the notes came into the hands of the assignees of the latter firm, the defendant

McSherry *vs.* Brooks and Barton,. Trustees.

was approached upon the subject of the notes, and notified that, unless something was done, suit would be brought thereon, and thereupon the defendant signed the following indorsement upon each of the notes: "Paid, Dec. 16, 1872, $5 on acc. of this note, to revive the same." Suit was not brought on the notes until May 5th, 1875.

At the trial in the Court below the plaintiffs offered one prayer, and the defendant twelve. The one prayer of the plaintiffs was granted, and all those on the part of the defendant were rejected. The defendant excepted as well to the granting of the plaintiffs' prayer as to the refusal to grant those offered by himself.

By the prayers thus ruled upon by the Court below, several questions were raised for decision; and without stating the propositions involved in each prayer separately, we shall state such principles as we think control the case, and then dispose of the prayers as they may or may not accord with those principles.

1. The first proposition contended for on the part of the defendant is, that inasmuch as the notes were over-due. at the time of their transfer to Kirkland, Chase & Co., and were therefore subject to the equities as between the original parties, no action at law can be maintained on them, until a further account has been taken between the partners, under the agreement made at the time of dissolution, and under which the notes were given. That the account stated at the time of the dissolution, and which is set forth in the record, was not a final account, and that the notes sued on, though in the form of ordinary negotiable promissory notes, were made only provisionally and intended to abide the final settlement of the partnership affairs; and consequently, until there has been a final account and the affairs of the partnership all adjusted, no action at law can be maintained on the notes, either by the payee himself, or his indorser, taking the notes over-due.

McSherry *vs.* Brooks and Barton, Trustees.

The general rule is too well established to admit of any question, that actions at law cannot be maintained by one partner against another, involving the state of the partnership accounts. This general rule is founded upon certain well defined reasons; to be found stated in the authorities. But it is equally well established, that one partner may sue another at law on a promise to pay a balance which has been ascertained and agreed upon. In reference to such balance the reasons for the inability of the partner to maintain an action at law against a co-partner no longer exist. If, says Mr. Parsons, the settlement has closed their concerns, or has followed the dissolution of the partnership, they are no longer partners at all, and if the partnership goes on, they are not partners as to this balance, because it has been taken out of the current accounts, separated from the partnership, and appropriated to the partner to whom it is due. *Pars. on Part.*, (2nd. *Ed.*,) 290; *Brierly vs. Cripps,* 7 *C. & P.*, 709; *Wray vs. Milestone,* 5 *M. & W.*, 21. And if an action at law may be maintained for such balance, *a fortiori* may an action at law be maintained on negotiable promissory notes given by one partner to another for the amount of the balance ascertained upon the dissolution. And it would seem, both upon reason and authority, that it would not be competent for the defendant to defeat such action by showing that there had been no final settlement of partnership accounts. *Pars. on Part.*, (2nd *Ed.*,) 285; *Preston vs. Struttun,* 1 *Anst.*, 50; *Rockwell vs. Wilder,* 4 *Metc.*, 562. In the last case cited, the facts were quite analogous to those of the present case, and it was there held that the note was for a good and sufficient consideration, and that payment thereof could be enforced by an action at law, although there had been no balance actually struck between the partners.

In this case, there was in fact an adjustment of the partnership affairs as between partners; but it was made

McSherry *vs.* Brooks and Barton, Trustees.

by agreement subject to the future possibility of a change in the amount of the assets that might be realized from the debts due the firm. If any collections could be made on account of debts supposed at the time to be bad or doubtful, then the defendant was to be entitled to a proportionate abatement from the amount of the notes; while, on the other hand, if, by the exercise of due diligence, less could be realized than was supposed to be good, the defendant was to be charged with a proportionate amount of such loss. The debts due the firm were all scheduled; and it required no re-statement of partnership accounts in order to ascertain what particular debtors had paid, or those who had not. If there had been payments on account of bad or doubtful debts, that was a matter of fact of easy ascertainment, and the jury were quite competent to pass upon the question as to the credits to which the notes were subject in respect to such payments, if any had been made. The *onus* of proof, as to such payments, was upon the defendant; *National Bank of Washington vs. Texas,* 20 *Wall.,* 72; and upon the proof that was offered in respect to collections made on account of the bad and doubtful debts, the jury were instructed in a manner as favorable to the defendant as he could possibly ask. By the instruction granted at the instance of the plaintiffs, the defendant was given the full benefit of all rights secured to him by the agreement of dissolution, and under which the notes were given to Shurtz. And from what we have said, it follows that the position assumed by the defendant, as to the necessity for taking further partnership accounts, as a condition upon which an action can be maintained upon the notes, cannot be sustained.

2. The next question raised by the prayers offered on the part of the defendant is, whether it was competent to the defendant to show by parol that, at the time of the making and delivery of the notes, it was agreed and understood between the parties that the payee would retain

McSherry *vs.* Brooks and Barton, Trustees.

the notes in his own possession, and not negotiate or transfer them to any third person, and thus defeat the right to recover by the present plaintiff?

The law is perfectly well settled that a promissory note, negotiable in form, is negotiable as well after as before it becomes due; *Annan vs. Houck*, 4 *Gill*, 325 ; *Renwick vs. Williams*, 2 *Md.*, 356 ; *National Bank of Washington vs. Texas*, 20 *Wall.*, 72 ; and in this case, notwithstanding the notes were overdue from the time they were made, yet they were made in a negotiable form, and therefore negotiable at the time they were transferred to Kirkland, Chase & Co. It must be supposed that there was some purpose or design in making the notes in the form that they bear ; and to allow the maker by parol to contradict and change the legal import of the notes, would seem to be contrary to all principle and authority. Kirkland, Chase & Co. having taken the notes overdue, it would have been competent to the defendant to avail himself of any equities that attached to the notes themselves, or to show a want of consideration, or that they had been transferred to the plaintiffs in trust for the maker ; but certainly not to destroy their legal import and operation by the introduction of parol evidence that the notes were not to be negotiated, notwithstanding the negotiable terms employed on their face, or that they were not to be sued on until it should be ascertained whether certain debts could be realized or not, notwithstanding they were made payable one day after date. This would be to contradict and limit the written contract by mere parol ; and the question is, can this be done? "What is to become of bills of exchange and promissory notes," asked Lord ELLEN-BOROUGH, in *Hare vs. Graham*, 3 *Campb.*, 57, "if they may be cut down by a secret agreement, that they shall not be put in suit." "If I issue a promissory note payable at two months," says PARK, J., in *Free vs. Hawkins*, 8 *Taunt.*, 92, "and enter into a parol agreement, that the

McSherry *vs.* Brooks and Barton, Trustees.

note shall not be put in suit, till the end of five years, or until the uncertain period of the sale of an estate, can it be contended that such a parol agreement does not contradict and limit the written contract, into which I have entered.'' And he and the other Judges all declared that the note in that case could not be so contradicted and restrained in its legal operation. There the plaintiffs, *London* bankers, were correspondents of Sir *Robert Salisbury & Co.*, who were country bankers, considerably indebted to the plaintiffs, and ten persons agreed to put their names on the back of a promissory note for a certain amount, payable at one year, to be made by Sir *R. Salisbury* in their favor, and to be indorsed by each of them to the plaintiffs, as a security for the debt of the country bank. This was accordingly done; and DALLAS, J., in delivering the leading opinion in the case, said : ''It is then said, that at the time when this note was made and indorsed, it was mutually understood, that payment should not be enforced until Sir *Robert Salisbury's* effects were brought to sale, and that the plaintiffs entered into this contract with the defendant, *with a full knowledge of all these circumstances*. One thing is to be observed; if such were meant to be the understanding, it ought to have been expressed on the instrument; but it is not expressed; and, taking the instrument as it stands, it is a common promissory note, and requires that notice of dishonor should be given to the defendant in order to give the plaintiffs a right to recover against him. But, it is said, notice was dispensed with by the understanding which existed between the parties ; to which the answer is, that if parties mean to vary the legal operation of an instrument, they ought to express such variance ; if they do not express it the legal operation of the instrument remains. The effect of the evidence tendered would be to vary the note in question, and to control its legal operation ; and such evidence, I think, is inadmissible.'' And to the

McSherry *vs.* Brooks and Barton, Trustees.

same effect are the cases of *Moseley vs. Hanford*, 10 *B. & Cr.*, 729; *Foster vs. Jolly*, 1 *Cr. M. & R.*, 703; *Bank of U. S. vs. Dunn*, 6 *Pet.*, 51. It is clear, therefore, that the terms of the notes could not be contradicted and controlled by the parol agreement or understanding as proposed by the defendant.

But if the principle were otherwise, and the defendant could, in the absence of any *ex post facto* occurrence to prevent, be allowed to defeat the legal operation of the notes by the proof of such a parol agreement as that offered in this case, he has effectually precluded himself from the resort to such defence, by the indorsements upon the notes of the 16th of December, 1872. These indorsements were intended to keep in operation the notes, then in the hands of the plaintiffs; and if the defendant had intended to rely upon any such defence as that afterwards set up by him, good faith required that he should have made it known, instead of the indorsements placed upon the notes by him. He obtained indulgence by the acknowledgment, and it is but a fair construction of the indorsements, that they were intended as renewals of the promises expressed on the face of the notes, in consideration of the indulgence extended. After obtaining the benefit of the indulgence, good faith utterly forbids that he should attempt to defeat the plaintiffs' recovery on the notes, by showing that they were not properly in the hands of the plaintiffs, and were not liable to be put in suit. Such a defence is wholly inconsistent with the indorsements on the notes, and hence could not be allowed.

As the result of the foregoing considerations, it follows that the first, second, third, fourth, fifth, seventh, eighth, ninth, tenth and twelfth prayers of the defendant were properly rejected by the Court below; those prayers all being founded on theories at variance with the views and principles, herein expressed.

3 There is another question to be determined, raised on the instruction granted at the instance of the plaintiffs,

McSherry *vs.* Brooks and Barton, Trustees.

and that is, whether it should have been submitted to the jury to find, as matters of fact, that Shurtz had fully paid all the partnership debts, as a condition upon which the the plaintiffs could recover on the notes? It does not appear that there are creditors still unpaid, and Shurtz himself proved that he had paid all the debts; but the defendant not only insists that the jury should have been required to find the fact of such payment, but, according to his sixth prayer, insists that it was necessary for the plaintiffs to produce releases in full from the creditors to the firm, as the proper evidence of such payment.

Apart from all questions as to the mode of proof, we think there was no condition precedent to the right of recovery on the notes, in respect to the payment of the partnership debts. The notes, as we have seen, are negotiable, and were made payable one day after date. The obligation assumed by Shurtz to pay all the partnership debts necessarily contemplated some reasonable time within which it could be done; as we may suppose his ability to pay the debts depended to some extent upon his collection of the assets due the firm. In such state of case, the rule of law is clear and decisive; and nowhere is it better or more succinctly stated than in 2 *Parsons on Contracts*, 189, 190, where it is said, " If money is to be paid on a day certain, in consideration of a thing to be performed at an earlier day, the performance of this thing is a condition precedent to the payment; and if the money is to be paid in instalments, some before a thing is to be done, and some when it is done, the doing of the thing is not a condition precedent to the former payments, but it is to the latter. And if there is a day for the payment of the money, and this comes before the day fixed for the doing of the thing, or before the time when the thing, from its nature, can be performed, then the payment is at all events obligatory, and an action may be brought for it independently of the act to be done." And the same principles are fully and clearly stated by Mr. Sergeant Williams, in a

McSherry *vs.* Brooks and Barton, Trustees.

note to the case of *Pordage vs. Cole*, 1 *Wms. Saund.*, 319, where the cases are extensively collected and reviewed, and the conclusions there deduced are fully sanctioned by this Court in the case of *Watchman & Bratt vs. Crook*, 5 *G. & J.*, 259, 260; see also case of *Goldsborough vs. Orr*, 8 *Wheat.*, 217.

It therefore cannot be objected to the instruction given by the Court, that the jury were not required to find that the partnership debts had been paid; and it follows that there was no error committed in refusing to grant the sixth prayer of the defendant, which required the Court to say that it was incumbent upon the plaintiffs to produce releases of all partnership debts assumed to be paid by Shurtz, as a condition upon which recovery could be had upon the notes.

4. The remaining question is that made by the eleventh prayer of the defendant; but as the judgment in this case was not entered by default, under the Act of 1864, ch. 6, the question is quite immaterial. Where the defendant has appeared and pleaded, and the cause has been brought to trial in regular course, the affidavit filed with the declaration, to entitle the plaintiff to a judgment by default, as authorized by the Act, in no manner controls the nature and character of the proof that may be offered by the plaintiff in support of his action. But in this case, if there was really any question of the plaintiffs' right to recover on the promissory notes as declared on in the first five counts of the declaration, there could be none whatever of their right to recover on the notes, with the defendant's indorsements thereon, under the count on an account stated. *Leaper vs. Tatton*, 16 *East*, 423; *Peacock vs. Harris*, 10 *East*, 104; *Oliver vs. Dovatt*, 2 *Mood & Rob.*, 230; *Fesenmayer vs. Adcock*, 16 *M. & W.*, 449.

Finding no error in the rulings of the Court below, we affirm the judgment.

*Judgment affirmed.*

(Decided 1st March, 1877.)