JACOB GISRIEL *vs.* JOHN BURROWS, use of CHARLES W. BAINBRIDGE, Trustee. JOHN BURROWS, use of CHARLES W. BAINBRIDGE, Trustee *vs.* JACOB GISRIEL.

*Promissory notes—Pleading—Amendment — Evidence — Instructions.*

In an action on promissory notes, after the evidence was all in, and argument was had upon the prayers, the Court instructed the jury that if they should find that the notes of the 7th of March were given in lieu of those sued on, and dated the 1st and 4th of March respectively, and were so accepted by the plaintiff, then he could not recover under the pleadings and evidence. The plaintiff thereupon asked leave to amend his *narr.* by adding counts on the notes of the 7th of March. HELD:

That under section 34 of Article 75 of the Code, the plaintiff had a right to amend at any time before the jury retired.

Where two sets of notes are given for the same amounts and for the same consideration, one set being in lieu of the other, and action is brought on one set. the plaintiff can amend his declaration by adding counts on the other set, but recovery can only be had upon one set.

In an action on promissory notes, a record in a former case between the plaintiff and a different defendant, on notes entirely separate and distinct from those in the pending suit, is not admissible on the ground that it contains evidence on the question of fraud, and for the purpose of showing the relations that existed between the plaintiff and the defendant in that case who was a witness in both cases.

Where the evidence shows that the defendant, according to the understanding of all the parties to the notes at the time they were made, was to be an endorser, when he signed his name upon the back thereof, and not a joint maker or original promissor, and that the notes were accepted by the plaintiff with that understanding, it is error to grant instructions that either assume, or

Gisriel *vs.* Burrows.

are based upon, the fact that the defendant was a joint maker or guarantor.

In an action on two sets of notes for the same amounts, and for the same consideration, the one set being in lieu of the other, it is not error to reject an instruction ignoring the fact admitted by the plaintiff, that he could not recover on both sets.

CROSS-APPEALS from the Superior Court of Baltimore City.

The case is stated in the opinion of the Court.

*First Exception of Defendant.*—The defendant offered in evidence the printed copy of the record of the case of *Burrows, use of Bainbridge vs. Klunk,* transmitted to the Court of Appeals, duly certified, under the seal of Baltimore City Court, to be a full, true and entire transcript, taken from the records and proceedings of said Court in said cause. To the admissibility of this record the plaintiff objected. The Court (HARLAN, J.,) sustained the objection, and the defendant excepted.

*Second Exception of Defendant.*—The Court after argument partially heard, having stated that it would grant the defendant's fourth prayer, the plaintiff asked leave to amend his declaration by declaring on the notes of the 7th of March, 1887. The defendant objected to the granting of the leave to amend, because the proposed amendment sought to charge the defendant upon six promissory notes which had been tendered to him in open Court, as his property, and upon which the plaintiff testified he had no claim against the defendant. The Court overruled the objection and allowed the amendment. The defendant excepted.

*Third Exception of Defendant.*—The plaintiff offered the following prayers:

1. That if the jury believe from the evidence that the defendant wrote his name on the back of the notes sued

on in this case, then the plaintiff is entitled to recover thereon.

2. That if the jury believe from the evidence that the defendant wrote his name on the back of each of the four notes of the date of September 6th, when the same were in blank, and delivered them in that condition to Klunk, and that Klunk filled said notes up, and afterwards delivered the same to the plaintiff, then the plaintiff is entitled to recover thereon.

3. That if the jury believe from the evidence that the defendant wrote his name upon the back of the three notes in this case, of the date of November 1st, 1886, while the same were in blank, and delivered them in that condition to the witness, Klunk, and that Klunk then filled up the notes as they now are, and delivered the same to the plaintiff, then the plaintiff is entitled to recover thereon.

4. That if the jury believe from the evidence that the defendant wrote his name upon the back of the notes in this case, of the dates of March 1st, and March 4th, and March 7th, while the same were in blank, and delivered them in that condition to the witness, Klunk, and that Klunk then filled up the notes as they now are, and delivered the same to the plaintiff, then the plaintiff is entitled to recover thereon.

5. That even if the jury believe from the evidence that the defendant wrote his name upon the back of the six notes, dated March 7th, 1887, and handed them to his son-in-law, Charles F. Klunk, intending them to be in substitution for the six notes, dated March 1st, and March 4th, 1887, respectively, and described in the declaration in this cause, their verdict must be for the plaintiff, provided the plaintiff tenders or surrenders to the defendant the said notes, dated March 7th, 1887, and makes no claim for the payment thereof.

6. That if the jury believe from the evidence that the defendant placed his name upon the back of the notes

sued on in this case, that bear date September 6th, 1886, and November 1st, 1886, then the plaintiff is entitled to recover thereon, even though the jury may believe that said notes, at the time they were given, were not sufficient in amount to balance the account of Klunk with the plaintiff, at the times said notes were respectively given, provided the jury further believe, that said Gisriel placed his name upon the back of said notes, so that the said Klunk might have credit with the said Burrows, and that the said Burrows, on account of said notes, gave said Klunk credit and furnished him with goods.

7. That if the defendant signed the notes in blank that are sued on in this case, and bear date March 7, 1887, and gave them to his son-in-law, Charles F. Klunk, and that said Klunk filled up said notes and delivered them to the plaintiff in the condition in which they now are, and that the amount of said notes was not sufficient when credited by the plaintiff to balance the indebtedness of the said Klunk, at the time said notes were given, and that the defendant placed his name upon the back of said notes so that the said Klunk might have credit with the said Burrows, and that the said Burrows, by reason of said notes being given him, gave the said Klunk credit and furnished him with goods, then the plaintiff is entitled to recover on said notes, even though the jury should find that Klunk filled said notes up for a larger and different amounts than that intended by the defendant; provided the jury believe the plaintiff was not aware, when he received said notes, that they had been filled up by Klunk for larger amounts than that intended by the defendant.

8. That if the jury believe from the evidence that the defendant wrote his name upon the back of the six notes of the date of March 7, 1887, while the same were in blank, and delivered them in that condition to the witness, Klunk, who then filled up said notes as they now

24                    v. 72.

are, and then delivered said notes to the plaintiff, then the plaintiff is entitled to recover thereon.

9. That if the jury believe from the evidence that the defendant wrote his name upon the back of the six notes of the date of March 7th, 1887, while the same were in blank, and delivered them in that condition to the witness, Chas. Klunk, who filled up said notes as they now are filled up, and delivered them filled up to the plaintiff, and the plaintiff did not know, and was not aware, that said notes were endorsed in blank, and had no knowledge that Gisriel was induced to sign said notes by Klunk, telling him they were for $100, then he is entitled to recover the value of said notes.

The defendant offered five prayers, the third of which was withdrawn, the others were as follows:

1. That if the jury believe from the evidence that the notes sued on in this case were given to the plaintiff for the purpose of closing and settling antecedent and pre-existing indebtedness and accounts of Charles F. Klunk to the plaintiff, then the plaintiff is not entitled to recover, because no liability attached to the defendant by said instruments of writing, there being no sufficient consideration mentioned in said instruments of writing.

2. That the paper-writings given in evidence for the purpose of holding the defendant either as an endorser or maker thereof, are not sufficient for that purpose, for want of a consideration expressed therein, and that the plaintiff cannot recover in this action.

4. That if the jury believe from the evidence, that the notes offered in evidence in this case, and dated March 7th, 1887, were given in lieu of and as substitutes for the notes sued on in this case, and dated respectively March 1st and 4th, 1887, and were so accepted by the plaintiff, John Burrows, then there can be no recovery under the pleadings and evidence in this case as against the defendant on said notes dated March first and fourth, 1887, respectively.

5. That if the jury believe from the evidence that the notes dated the seventh day of March, 1887, and sued on in this case under the amended declaration, were signed by the defendant as an endorser thereof, and were intended by him and the payee to be so signed, and were so received and accepted by the plaintiff; and if they further find, that said notes were not protested for non-payment, then there can be no recovery on said notes against the defendant, and their verdict must be for the defendant on said notes.

The Court rejected the first, fourth, and fifth prayers of the plaintiff, granted his second, third, and sixth prayers, and his seventh, eighth, and ninth prayers in connection with the defendant's fifth prayer. The Court rejected the first and second prayers of the defendant, and granted his fourth and fifth. To the action of the Court in granting the plaintiff's prayers, and rejecting the defendant's prayers, the defendant excepted.

*Exception of Plaintiff.*—This exception was taken to the action of the Court in rejecting the first, fourth, and fifth prayers of the plaintiff, and in granting the third prayer of the defendant, which was afterward withdrawn.

The verdict and judgment were in favor of the plaintiff. Both parties appealed.

The cause was argued before ALVEY, C. J., MILLER, ROBINSON, BRYAN, FOWLER, and McSHERRY, J.

*James P. Gorter,* and *Charles Poe,* for John Burrows.

*Charles W. Heuisler,* for Jacob Gisriel.

FOWLER, J., delivered the opinion of the Court.

John Burrows, the plaintiff below, sued the defendant, Jacob Gisriel, upon thirteen promissory notes, but there was a recovery upon only seven of them, namely, on the

four notes dated September 6, 1886, and three others dated November 1st of the same year.

The declaration was amended by leave of Court during the trial by adding counts upon six other notes, all dated March 7, 1887, but there was no recovery on these last-named notes. When leave was granted to amend the *narr.* the defendant objected thereto, and his objection being overruled he excepted. He then pleaded three pleas to the additional counts contained in the amended *narr.*, the first of which was demurred to by the plaintiff, and the demurrer sustained and issue joined on the second and third pleas. Both plaintiff and defendant have appealed.

All the notes in the case are of the same form and style, *mutatis mutandis,* as the following one :

$300.00.                    Baltimore, March 4th, 1887.

On August 1st after date I promise to pay to the order of John Burrows, three hundred dollars, with interest at 6 per cent., value received.

1100 N. Fremont St.          Chas. F. Klunk.

Due Aug. 1—4.

Endorsed, Jacob Gisriel,

John Burrows.

Among the notes sued on there were six—two of which are dated March 1, and four March 4, 1887, respectively; and during the course of the trial it appeared from the testimony of the plaintiff that the six notes of March 7, 1887, offered in evidence, but not sued on in the original *narr.*, were for the same amounts and the same consideration as the six notes of March the first and fourth. When the notes of March the seventh were offered in evidence the plaintiff disclaimed all right to recover upon them, if he should recover upon those of March the first and fourth, and likewise he disclaimed any

right to recover upon the latter if he should recover upon the former. After the evidence was all in, and argument had upon the prayers, the trial Judge announced that he would grant defendant's fourth prayer. Now, this prayer asked the Court to instruct the jury that if they should find that the notes of March 7 were given in lieu of those sued on in the original *narr.*, and dated March first and fourth, respectively, and were so accepted by the plaintiff, that then he could not recover under the pleadings and evidence in this case on said notes of March first and fourth.

In order to meet this exigency the plaintiff asked leave to amend *his narr.* by adding counts on the notes of March 7th. There can be no doubt he had a right to amend any time before the jury retired. *Art.* 75, *section 34, of the Code.*

The first plea to the amended *narr.* alleges, in substance, that the notes of March 7th were given for the same consideration as the notes of March first and fourth, and that the plaintiff having elected to proceed on said last-named notes, he is precluded by such election from suing on said notes of March 7th. The Court sustained the demurrer to this plea. We think it is clear the plaintiff had a right to sue on both sets of notes in the one action. He could, of course, recover only on one set of notes, if it should be ascertained by the evidence that both sets were given for the same indebtedness. And the Court so instructed the jury by its fourth instruction, which is not excepted to. We find no error, therefore, either in the action of the Court in allowing the amendment, nor in its rulings on the demurrer. The defendant, however, was not injured by these rulings of the Court below, for the jury found for him on the additional counts.

The defendant's first bill of exceptions raises the question as to the admissibility in evidence of the printed

record in the case of *Burrows vs. Klunk*, reported in 70 *Md.*, 451. The ground on which it is claimed that record should be admitted in this case is that it contains evidence on the question of fraud, and to show the relations that existed between Klunk, a witness in both cases, and Burrows, who is plaintiff in both cases. But, clearly that record could not have been admitted for any such purpose. That case involved the validity of certain notes entirely separate and distinct from those here in question, and the evidence produced to maintain the issues in that case cannot possibly have any relevancy whatever to the issues in this. But even if the witnesses in *Burrows vs. Klunk* gave any testimony relevant or material here, they should have been called and examined in this case in the usual way.

This brings us to the consideration of the rulings of the Court on the prayers offered on both sides, which rulings form the subjects of the remaining exceptions taken by both plaintiff and defendant.

The defendant excepted to the granting of the plaintiff's second, third, sixth, seventh, eighth and ninth prayers, and to the rejection of the first and second of the defendant.

Much was said in the argument in regard to the rights and liabilities of guarantors and guarantees, and the supposed application of the Statute of Frauds to the facts of this case, but we think it is apparent, from all the evidence before us in the record, that the defendant Gisriel, if responsible on the notes sued on, must be held as an endorser.

The defendant proved that "he signed his name on the back of said notes at the request of C. F. Klunk, *as endorser of the same,* and with no intention of becoming a joint maker or a joint and several maker of the same with Klunk; that said Klunk requested him to endorse said notes at the instance of the plaintiff; and that Klunk

Gisriel *vs.* Burrows.

and the plaintiff both understood that it was the intention of the defendant to become endorser of said notes when he signed his name upon the back thereof, and that the said notes were accepted by the plaintiff with this understanding."

And the plaintiff himself, on cross-examination, testified substantially as follows:

That the defendant owed him *only as endorser* for Klunk, and not individually; that the understanding between them was that he took the notes from Klunk because the defendant *was endorser;* that the defendant *was to be endorser, and not joint maker, and this was the distinct and clear understanding.*

Under this state of proof the Court instructed the jury that if they believed from the evidence that the defendant wrote his name on the back of each of the notes dated, respectively, the 6th September and the 1st November, 1886, while the same were in blank, and delivered them in that condition to the witness Klunk, and that Klunk filled up the notes as they now are, and delivered them to the plaintiff, that then the plaintiff is entitled to recover thereon. It is clear, however, as we have seen from an examination of the proof in the case, that the defendant, according to the understanding of all the parties to the notes at the time they were made, was to be an endorser, and not a joint maker or original promissor. And as such endorser he cannot, of course, be held liable unless he had due notice that the notes had been presented to the maker for payment, and were dishonored. As the jury should have been, but were not, so instructed, we think there was error in granting the plaintiff's prayers, all of which either assume or are based upon the fact that the defendant was original promissor or maker, which is directly in conflict with all the evidence in the case.

It will be seen we do not think there was error in rejecting defendant's first and second prayers, for they

are based upon the theory that the defendant was a guarantor, while, as we have said, it is clear from the evidence on both sides that he was to be responsible as endorser; and did not assume any liability whatever as a guarantor.

We need say but little in regard to the plaintiff's appeal. The only exception taken by him is to the rejection of his first, fourth and fifth prayers, and the granting of the defendant's third prayer. And from what we have already said in considering the defendant's appeal, it follows that we see no error in the rejection of the plaintiff's first, fourth and fifth prayers, for they also assume, contrary to all the evidence, that the defendant is original promissor or joint maker. But, in addition to the reasons already given, it seems clear these prayers of the plaintiff are bad for the further reason that they all ignore the fact admitted by the plaintiff, that he could not recover both on the notes of March 1st and 4th and those of March 7th. The plaintiff also excepted to the granting of the defendant's third prayer, but this prayer was withdrawn.

A supplemental brief was filed by the plaintiff contending there was error in granting defendant's fifth prayer, but he took no exception to this action of the Court, and the questions presented by the supplemental brief are, therefore, not before us on this appeal.

*Reversed, and*
*remanded for new trial.*

(Decided 19th June, 1890.)