## METZEROTT v. WARD.

---

### SAME v. SAME.

---

PROMISSORY NOTES; CONSIDERATION; EVIDENCE.

1. When two persons owing a debt to another give their creditor a promissory note for the indebtedness, which note is signed by themselves and two other persons, the giving of the note suspends all right of action on the original indebtedness; which suspension is a sufficient consideration for the note to bind all parties who sign it, whether they all derive personal benefit from such suspension or not.

2. One of four makers of a promissory note cannot, in the absence of fraud, show by parol evidence that he was to be bound as indorser only, when there is nothing on the face of the note to so indicate.

Nos. 649 and 650. Submitted March 2, 1897. Decided April 6, 1897.

HEARING on appeals by two of several defendants from a judgment on verdict in an action on a promissory note. *Affirmed.*

The COURT in its opinion stated the case as follows:

This action was brought on a joint and several promissor

note, dated January 1st, 1894, payable one year after date, for $2,250, with interest, and signed by the present appellants and Henrietta C. Metzerott and Frank B. Metzerott, who were all sued as makers of the note. Henrietta C. and Frank B. Metzerott made no defence to the action, and allowed judgment to be entered against them by default. Henrietta P. and John H. Metzerott pleaded to the action, and defended on the ground that, as to them, there was no consideration for the note; and John H. defended upon the further ground that when he signed the note he intended to sign it as indorser, and not as maker, and that he could only be held as such indorser upon notice of demand upon and nonpayment by the makers, and that as no such demand and notice had been made, he was discharged from liability.

The note sued on is in the following form:

"WASHINGTON, D. C., *Jan. 1st, 1894.*

"One year after date, for value received, we jointly and severally promise to pay to Eliza J. Ward, or order, the sum of two thousand two hundred and fifty dollars ($2,250), with interest until paid, at the rate of six *per centum per annum*, payable semi-annually.

(Signed)      "HENRIETTA C. METZEROTT.
          "FRANK B. METZEROTT.
          "HENRIETTA P. METZEROTT.
          "JOHN H. METZEROTT."

And on the back of the note are indorsed two semi-annual payments of interest, and the further sum of $270.

Upon trial verdict was rendered for the plaintiff against the appellants, and judgment entered thereon, from which the appellants have taken separate appeals.

It appears from the evidence set out in the bill of exception that in May, 1893, the appellee loaned to Henrietta C. and Frank B. Metzerott, who were then partners in business, a United States bond, payable to bearer, of the denomination of $1,000, and in September of the same year she loaned

them another United States bond of like denomination, payable to bearer. That she took as security for the bonds the receipts of the parties, containing a promise to return the same, or similar bonds, on demand. That a few days after the loan of the second bond the said Henrietta C. and Frank B. Metzerott failed, and made an assignment for the benefit of creditors; and thereupon the appellee requested of them further security for the return of the bonds, in place of the receipts held by her. That in compliance with the request a third receipt containing a promise to return the bonds borrowed, or bonds of like nature and amount, with interest at four per cent. per annum, was made and signed by Henrietta C. and Frank B. Metzerott, and by the appellant, Henrietta P. Metzerott, and delivered to the appellee. That receipt provided for the return of the bonds on demand. That some time after the giving of this last receipt the appellee requested Henrietta C. and Frank B. Metzerott to give her some further security in lieu of said receipts, and offered to accept a promissory note at one year's time, signed by Henrietta C., Frank B. and Henrietta P. Metzerott, such note to bear six per cent. interest, and to be dated July 1st, 1893, that date being midway between the dates on which the bonds were originally loaned; but Henrietta C. Metzerott declined to give the note as requested, but proposed to give a note for the amount bearing date of January, 1894, signed by herself and her children, namely, Frank B., Henrietta P. and John H. Metzerott, assigning as a reason for declining to give the note dated as of July, 1893, that she could not pay or meet the note within one year of July, 1893, but that she expected to be able to meet the note within a year from January, 1894; that the appellee consented to accept the note as proposed by Henrietta C. Metzerott, and the note was accordingly drawn up and executed and delivered to her as it now appears in evidence.

On behalf of the two appellants, evidence was offered to show that no part of the bonds or the proceeds thereof ever

passed to or came to their hands; that they received no compensation or benefit for the execution of the note; that the note was first executed by Henrietta C. and Frank B. Metzerott, and in that condition delivered to the appellee, who gave it back to Henrietta C. to send to John H. Metzerott, who was then in Vienna, Austria, and before he, the said John H. Metzerott, signed the note, the appellee wrote to him, requesting him to indorse the note which would be sent to him by his mother, Mrs. Henrietta C. Metzerott; that after the receipt of the letter of appellee, John H. Metzerott received the note from his mother, which had then been signed by Henrietta C. and Frank B. Metzerott, and that he signed it for the purpose and with the intention of becoming an indorser and not a maker, and with that view he placed his name at the bottom of the note, leaving quite a large space between the name of Frank B. Metzerott and his own, and sent the note so signed to Washington; that upon the return of the note Henrietta P. Metzerott placed her name on the note between that of Frank B. and John H. Metzerott; that Henrietta P. Metzerott signed the note at the request of the appellee.

Many of these facts given in evidence by the appellants were denied by the appellee. She swore in rebuttal that the note was never delivered to her but once, and then it was signed by all four of the parties, and it was then in its present condition.

*Mr. Joseph J. McNally* and *Mr. W. D. Davidge, Jr.,* for the appellants :

1. The promise of each of the appellants in signing the note in question was a mere *nudum pactum*, and could not be enforced. It was a promise by each of them to pay a sum of money to the plaintiff, and the only inducement therefor was that, some months before the date of the note, the plaintiff had loaned to the defendants, Henrietta C. and Frank B. Metzerott, two United States bonds of $1,000 each, and had

taken a written receipt therefor from the borrowers containing a promise to return the bonds, or similar bonds, and the note was signed by the appellants and delivered to the plaintiff at her request as additional security for the antecedent obligation of the borrowers to return the bonds. The promise evidenced by the note was made long after the loan was made, and had no connection with it, and no consideration moved from the plaintiff, or any one else, to the defendants, or either of them, for the promise. A debt due from one person is no consideration for a note by another to the creditor. *Bingham* v. *Kimball*, 17 Ind. 396; *Alger* v. *Scott*, 54 N. Y. 14; *Williams* v. *Walker*, 18 S. C. 577.

2. The jury would have been justified from the evidence in believing that John H. Metzerott put his name to the note with the intent to become an indorser, and that it was understood by the plaintiff that this was his liability. When the plaintiff requested him to indorse the note, and pursuant to the request, and with the intent of becoming an indorser, and not a maker, he placed his name on its face, but leaving quite a large space between the name of the last signer and his own, it was for the jury to say whether it was understood by the plaintiff that he was an indorser. They had a right to infer the understanding from the request, the intent, and the unusual position of the name on the face of the paper. If such understanding existed he was entitled to proof of due demand and notice. Indorsement is the writing of one's name upon a note or bill with intent to incur the liability of a party who warrants payment, provided it is duly presented to the principal at maturity, not paid by him, and such failure is duly notified to the indorser. 1 Daniel Neg. Inst. 593. The indorsement may be on the face of the instrument instead of the back. *Haines* v. *Dubois*, 1 Vroom (N. J.), 258 ; *Herring* .v. *Woodhull*, 29 Ill. 92.

3. If the plaintiff surrendered no right as a consideration for the promise made by John H. Metzerott, then there was

no consideration at all, for the appellants derived no benefit for the promise. There is no evidence whatever that the note was taken in satisfaction or payment, conditional or otherwise, of the pre-existing obligation of the borrowers. It was given simply as additional security for the promise contained in the third receipt. The taking of the note was in no sense a surrender of the rights evidenced by the third receipt, and there is no evidence that the receipt was surrendered or cancelled or agreed to be surrendered or cancelled. *Bank* v. *Topping,* 9 Wend. 274; *Rucker* v. *Wadlington,* 5 J. J. Marsh, 238; *Rogers* v. *Waters,* 2 Gill & John. 64.

In order to raise the question of a consideration for forbearance, there must be a request from defendants for forbearance, and a forbearance by plaintiff in consequence of that request. *Deacon* v. *Gridley,* 15 Com. Bench, 307; *McCorney* v. *Stanley,* 8 Cushing, 87; *Manter* v. *Churchill,* 127 Mass. 33; *Shupe* v. *Galbraith,* 8 Casey (Pa. St.), 10; *Cary* v. *White,* 52 N. Y. 141; *Edgerton* v. *Weaver,* 105 Ill. 46.

When appellants proved that they did not participate in the original consideration, and in fact received no consideration at all, the burden of proof was on the plaintiff to show a new consideration. This she did not do. *Delano* v. *Bartlett,* 6 Cush. 366.

*Mr. B. F. Leighton* and *Mr. Geo. Francis Williams* for the appellee:

1. If one have a legal or equitable right of suit against another, his forbearance to enforce that right by suit, or the extension of time within which suit may be brought, is sufficient consideration for a promise by the person liable to him, or by any third person, either to satisfy the claim on which that right of suit is founded, or to do some other or collateral act. *Robinson* v. *Gould,* 11 Cush. 57; *Dundas* v. *Sterling,* 4 Pa. St. 77; *Johns* v. *Porter,* 5 S. & R. 521; *Acker* v. *Maury,* 59 Iowa, 651; *Bank* v. *Place,* 86 N. Y. 446.

It is not essential to the consideration that it should be

adequate in point of value. It is sufficient if a slight bene-
fit be conferred by the plaintiff on the defendant, or a third
person, or if the plaintiff sustains the least injury, incon-
venience, or detriment, or subjects himself to any obligation
without benefiting the defendant or another person. *Sillers*
v. *Eli*, 3 W. & S. 424; *Walker* v. *Sherman*, 11 Met. 171.
The agreement to forbear may be inferred from the actual
forbearance proved. *Bread* v. *Hillhouse*, 7 Conn. 523.

2. It made no difference, as far as the legal aspect of the
case was concerned, whether the appellee did or did not
surrender or return the receipt or obligation, the right to
sue was by the acceptance of the note postponed until its
maturity. It is well established that a bill or note given
for a debt operates as payment, unless default be made in
paying it when it falls due, the creditor not having trans-
ferred it, and not having been guilty of any laches.

3. The evidence in the case shows that John H. Metzerott
signed the note in the place where he intended to sign it;
that his mistake, if mistake there was, arose from his ig-
norance of law, and was one of law and not of fact, and
was not such an error as could be corrected by oral testi-
mony under any circumstances, and especially not under the
circumstances disclosed. Where a promissory note made
payable to a particular person, or order, as in this case, is
first endorsed by a third person, said third person is held to
be an original promissor, guarantor, or indorser, according
to the nature of the transaction and the understanding of
the parties at the time the transaction took place. *Rey* v.
*Simpson*, 22 How. 341; see also *Bank* v. *Wilson*, 5 App. D.
C. 8.

Mr. Chief Justice ALVEY delivered the opinion of the
Court:

There were several prayers submitted for instruction to
the jury on the part of the appellants, but it is not neces-
sary to refer to them specially, as the judge in his general

charge referred to most of them, and modified and explained them, and by his charge placed the whole case before the jury fully and as fairly as the appellants could reasonably ask to be done, on the facts of the case.

There are really but two questions in the case, as presented by the defence of the appellants; and those are, first, whether the evidence showed a sufficient consideration for the note to bind the two appellants; and, secondly, whether John H. Metzerott is to be regarded and held as one of the joint and several makers of the note, or as an indorser thereof, and therefore not liable because not notified of the dishonor of the note by the makers? ,

1. With respect to the first of these questions, the evidence seems to have been abundant to show the existence of a debt due from Mrs. Metzerott and her son, Frank B., by reason of the loan of the United States bonds, and their failure to return them; and this evidence was fully and fairly submitted to the jury. The note for the amount of the bonds was given on the terms prescribed by Mrs. Metzerott herself, and the time of payment was extended for one year. This, by necessary implication, suspended the remedy for the recovery of the amount of the bonds until the note became due; and this suspension of remedy for the recovery of the bonds or their value was sufficient consideration for the note to bind all the parties who signed it, whether they all derived personal benefit by the suspension of the remedy for the bonds or not. It was their joint and several act that induced the suspension of the remedy for the bonds, and that formed the consideration. It did not require that the pre-existing debt should have been extinguished, or that the receipts for the bonds should have been surrendered to the debtors at the time.

In the case of *Baker* v. *Walker*, 14 M. & W. 645, to an action against the maker of a promissory note payable three years after date, the defendant pleaded that the promissory note was made and delivered by him to the plaintiff,

for and on account of a judgment debt recovered by the plaintiff against him, and that, except as aforesaid, there never was any consideration or value for the making or delivery of the note to the plaintiff. But the court held that the plea was bad, inasmuch as it showed there was an existing debt on account of which the note was made, and the giving of the note was evidence of an agreement by the plaintiff to suspend his remedy upon the judgment, which was a sufficient consideration for the note.

In that case there was no averment of any express agreement for the suspension of the remedy on the judgment, and that was urged in argument against the sufficiency of the consideration. But Parke, B., in delivering the opinion of the court, said : "A promissory note, although not a specialty, resembles a specialty, and at all events it is a security. When a man who has a judgment debt takes from his debtor a promissory note for the amount payable at a certain time, it must be inferred that he thereby enters into an agreement to suspend his remedy for that period, and if so, that is a good consideration for the giving of the note. Here, there being a judgment debt, a promissory note is given for the amount of it, and that is evidence of an agreement to suspend the judgment until the note is due, which is a sufficient consideration to support an action on the note." The same principle is clearly stated and sanctioned in the case of Price v. Price, 16 M. & W. 232, 240.

The effect of taking a negotiable promissory note for a pre-existing debt is very clearly stated by Mr. Daniel in his work on Negotiable Instruments (Vol. 2, Sec. 1272), where he says : "There is no doubt that a negotiable bill or note given for or on account of a contemporaneous or pre-existing debt, and whether or not it be in renewal of a previous bill or note, suspends all right of action on such debt during its currency—that is, until it is dishonored by non-acceptance or non-payment. If this were not so, the creditor who took the additional security, in the form of a bill or

note, might, in consequence of its negotiable character, transfer it to a *bona fide* holder, and subject the debtor to payment of both the original and the new debt. But as soon as the bill or note is dishonored, the original debt revives, and the creditor may pursue his remedy for it, or sue upon the bill or note." The principle, of course, contemplates the case of a bill or note *payable at a future day*, as said by Lord Kenyon, in *Stedman* v. *Gooch*, 1 Esp. 4; for otherwise there would be no suspension of the remedy on the pre-existing debt. The principle is fully stated by Mr. Justice Story, in delivering the opinion of the Supreme Court, in the case of *Black* v. *Zacharie & Co.*, 3 How. 483, 510; and also by the Court of Appeals of Maryland, in the case of *Glenn* v. *Smith*, 2 Gill & John. 493.

The court below fully submitted the question of consideration to the jury as matter of fact, though, upon the undisputed evidence of the case, the question was simply one of law, that the court could have decided without the aid of the jury. But this is not a matter of which the appellants can complain.

2. With respect to the second question, whether John H. Metzerott be bound as a joint and several maker of the note, or merely as an indorser, ought not, we think, to admit of any serious controversy. The note upon its face and according to its express terms, professes to have been made by more than one person, and there is no ambiguity in the terms of the note, or in the position of the signatures thereto, that requires or admits of explanation by the introduction of parol or extrinsic evidence. The signatures all appear to the note as though of joint and several makers, and the effort now made is to rescue one of the parties from liability by showing, by extrinsic evidence, a state of facts to destroy the natural and legal import and effect of the note; that is to say, by changing a joint and several note apparently made by four persons, to a joint and several note made by three persons, with another person bound only

conditionally as indorser, notwithstanding his name appears on the face of the paper as maker, with nothing to indicate that he intended to be bound as indorser only. And the question is, whether, according to any well settled principle, in the absence of fraud, this can be done. We are of opinion it cannot.

There are many cases decided in respect to the effect to be given to blank indorsements upon negotiable paper when made under special circumstances; as, for instance, where one, without stating his intention, writes his name on the back of a note *before its delivery* to the payee, he is presumed to have done so as surety for the maker, and he is liable as a maker. *Good* v. *Martin*, 95 U. S. 90. And in such case, parol evidence is generally admissible to show the intention of the parties to such transaction. *Rey* v. *Simpson*, 22 How. 341. But the contract of a bill or note, as interpreted by the law merchant, is a contract in writing; and extrinsic evidence is not admissible to contradict or vary its terms or effect. Benjamin's Chambers' Dig. Law Bills of Exch., &c., Art. 56, p. 63—citing case of *Abrey* v. *Crux*, 5 L. R. C. P. 37. In the case of *Renner* v. *Bank of Columbia*, 9 Wheat. 587, an action against an indorser of a promissory note, in answer to the argument that the admission of proof of the custom or usage of the bank would go to alter the written contract of the parties, the court said: "If this is the light in which it is to be considered, there can be no doubt that it ought to be laid entirely out of view, for there is no rule of law better settled, or more salutary in its application to contracts, than that which precludes the admission of parol evidence, to contradict or substantially vary the legal import of a written agreement."

The same principle was very fully applied in the case of the *Bank of the United States* v. *Dunn*, 6 Pet. 51. And in the case of *Brown* v. *Wiley*, 20 How. 442, where the question was, whether parol evidence should have been received, to vary, alter, or contradict that which appeared on the face of

the bill of exchange, Mr. Justice Grier, in delivering the opinion of the court, said: "When the operation of a contract is clearly settled by general principles of law, it is taken to be the true sense of the contracting parties. This is not only a positive rule of the common law, but it is a general principle in the construction of contracts. Some precedent to the contrary may be found in some of our States, originating in hard cases; but they are generally overruled by the same tribunals from which they emanated, on experience of the evil consequences flowing from a relaxation of the rule. There is no ambiguity arising in this case which needs explanation. By the face of the bill, the owner of it had a right to demand acceptance immediately, and to protest it for non-acceptance. The proof of a parol contract that it should not be presentable till a distant, uncertain, or undefined period, tended to alter and vary, in a very material degree, its operation and effect."

In the very important and interesting case of *Martin* v. *Cole*, 104 U. S. 30, the question presented was as to the admissibility of parol evidence to qualify or control an indorsement on a promissory note; and the question of the admissibility of such extrinsic evidence to affect negotiability was largely considered, and many of the authorities reviewed by Mr. Justice Matthews. It was there held, that in an action against a party upon his indorsement in blank of a negotiable promissory note, evidence of a contemporaneous parol agreement that the indorsement was without recourse was inadmissible. In the course of the opinion the learned justice said: "The contract created by the indorsement and delivery of a negotiable note, even between the immediate parties to it, is a commercial contract, and is not in any proper sense a contract implied by the law, much less an inchoate or imperfect contract. It is an express contract, and is in writing, some of the terms of which, according to the custom of merchants and for the convenience of commerce, are usually omitted, but not the less on that

account perfectly understood. All its terms are certain, fixed, and definite, and, when necessary, supplied by that common knowledge, based on universal custom, which has made it both safe and convenient to rest the rights and obligations of parties to such instruments upon an abbreviation so that the mere name of the indorser signed upon the back of a negotiable instrument, conveys and expresses his meaning and intention as fully and completely as if he had written out the customary obligation of his contract in full." And so it is, and with greater force, to be concluded, that, when a party signs his name on a note, professing on its face to have been signed in the character of maker, the note must be taken as expressing his intention and obligation, and the party so signing the note can no more relieve himself, by the introduction of parol evidence, from liability as maker, than a party who indorses his name in blank on the note can, by such means, qualify or avoid his liability as indorser. Both are bound by an express contract in writing, and where there is no fraud or ambiguity requiring explanation, neither can introduce parol evidence to change, vary, qualify, or contradict the legal import of the contract evidenced by his signature. Many authorities might be cited in support of the principle just stated, but we deem it unnecessary; and in addition to those already cited, we will not do more than refer to the case of *Burnes* v. *Scott*, 117 U. S. 582, 585. See, also, the case of *McSherry* v. *Brooks*, 46 Md. 103, 118.

The third prayer of the appellant, John H. Metzerott, which presented the question of his having signed the note as indorser and not as maker, and his non-liability thereon, in view of the principle and authorities to which we have referred, was properly refused by the court. The court was right in withholding such question from the jury.

Finding no error for reversal, the judgment must be affirmed; and it is so ordered.

*Judgment affirmed.*