# REBECCA A. WILLIAMS *vs.* THE NATIONAL BANK OF BALTIMORE.

### *Discounted note—Collateral security—Custom.*

V. deposited with the plaintiff Bank a note signed by defendant, dated the 13th of December, 1884, as collateral security for the payment of a note of G. on which V. was liable to plaintiff as endorser. The note of G. was paid at maturity by the check of V. on the plaintiff Bank, payable to the cashier thereof. Simultaneously with the giving of this check the account of V. was credited with the proceeds of a new note of G. which V. claimed to have paid at maturity by his check on said Bank. Several other notes of G. were indorsed by V. and discounted by the Bank. The last note discounted was signed by V. as maker, and dated the 16th of December, 1885. This note was not paid at maturity, and G. having failed and made an assignment for the benefit of creditors, an action was brought by the Bank to recover on the note of the appellant, dated the 13th of December, 1884. HELD:

That the question to be determined was whether the note sued on was to be considered and treated as collateral security only for the payment of the first note of G. indorsed by V. or as collateral security for all the notes given in the subsequent transactions between V. and the Bank, and that this depended on the intention of the parties, a fact to be determined by the jury from the proof in the cause; and that an instruction which did not in plain and explicit terms require the jury to ascertain the intention of V. as well as of the Bank, was erroneous, and furnished cause for reversal.

Williams *vs.* National Bank of Baltimore.

Evidence offered by the defendant to prove the existence of a custom among the Baltimore Banks to send notice of notes held by them to all persons whose names were on such notes, and that this was the custom when the notes were held as collateral security, and that no such notice had been sent to the defendant, was properly rejected, as no rule of law required such notice to be sent, and the plaintiff had not adopted such custom.

APPEAL from the Superior Court of Baltimore City.

The case is stated in the opinion of the Court.

*First Exception.*—Stated in the opinion.

*Second Exception.*—The plaintiff offered the following prayer:

If the jury shall find from the evidence that in December, 1884, I. Parker Veazey obtained from the plaintiff, for his own use, a discount of his note dated Dec. 12th, 1884, at four months, for $12,000, endorsed by Gaddess Brothers, on the condition, however, that the transaction should be secured by the defendant's note for $12,000, and that said Veazey accordingly delivered to the plaintiff the note sued on, as collateral security for the said discount and loan to him, and that the plaintiff accepted the same as such, and on the faith thereof granted said discount and loan; and shall further find, that when the said Veazey and Gaddess note was about to fall due in April, 1885, a renewal of the same was effected on the application of said Veazey, by his delivery to the plaintiff of a new Veazey and Gaddess note at four months for the same amount, and by his payment of the former note, out of the funds furnished him by the plaintiff as the proceeds of its discount of the renewed note; and shall further find that a like process of renewal took place in August, 1885; and shall further find that when the renewed note, discounted in August, was about to fall

Williams *vs.* National Bank of Baltimore.

due in December, 1885, the said Veazey again applied
to the plaintiff for a renewal, and sent it a new note
for $12,246 at four months, bearing interest from date,
drawn by him and endorsed by Gaddess Brothers as
before, but that the plaintiff refused to discount the
same, for the reason that interest had been added to
it by said Veazey, and that he thereupon sent the
plaintiff his own note for $12,000, without interest,
requesting the plaintiff to discount that, and still hold
the Gaddess endorsement on the other note as security,
and that the plaintiff agreed to this renewal as before,
and furnished said Veazey with the means of tak-
ing up the former note by the proceeds of discount of
his renewed note, secured by the endorsement of
Gaddess Brothers as aforesaid; and shall further find
that the plaintiff throughout this entire transaction,
continued to consider and treat the defendant's note
for $12,000, sued on as collateral security for each one
and all of said renewed notes of said Veazey, and
caused the same to be pinned and attached to each of
them in succession, as such collateral security; and
shall further find, that neither the said defendant nor
the said Veazey, at any time before the institution of
this suit, claimed from the plaintiff a return of said
note of the defendant, on the ground of its having
ceased to be a security, or upon any ground whatever;
and shall further find, that the said Veazey, when his
last renewed note fell due in April, 1886, failed to pay
the same and asked indulgence from the plaintiff on
the ground that it was well secured for its claim against
him by both the defendant's and the Gaddess paper, so
recognizing the right and claim of the plaintiff to hold
the defendant's note as security for the orignal loan,
and all renewals thereof, until paid; and on the further
ground that the defendant still remained largely in-
debted to him for moneys which he daily expected to

receive from her and apply to the payment of the said indebtedness, for the relief of her security for him, then the jury must find, as matter of law, that the collateral security of the defendant's said note for $12,000, extended to all the aforesaid renewals of the original Veazey and Gaddess paper, and that the defendant is responsible thereon to the plaintiff for whatever may be the unpaid balance due on the last of the said renewals as aforesaid, after crediting all payments received thereon.

The defendant offered the following prayers.

1. If the jury find from the evidence that the note sued on was pledged to the plaintiff as a security for a note of Gaddess Bros., dated Dec. 12th, 1884, for $12,000, payable four months after date, to I. Parker Veazey, and endorsed by said Veazey to the plaintiff, and not as a security generally for the loan of $12,000 to said Veazey from the plaintiff, or as a security for any notes given in renewal or payment of said note, and that in April, 1885, at the maturity of said original note of Gaddess Bros., the check offered in evidence, dated April 14th, 1885, was given by said Veazey to the plaintiff, and that said check was paid, and that said original note of Gaddess Bros. was surrendered by the plaintiff to said Veazey, then the plaintiff is not entitled to recover.

2. If the jury find from the evidence that the note sued on was pledged by I. Parker Veazey as a security for a note of Gaddess Bros. for $12,000, dated Dec. 12, 1884, and endorsed by said Veazey, or for a loan evidenced by said note, and that said note of Gaddess Bros. and said loan was paid in April, 1885, then the plaintiff is not entitled to recover.

3. The jury are instructed that it is not necessary, in order that they may find that the note of Gaddess Bros. for $12,000, mentioned in the last prayer, or the

loan evidenced by said note was paid, to find that there
was an express agreement to accept money or check, or
a new note in payment thereof, but the jury may infer
such payment from the actions and dealings of I.
Parker Veazey and the agents of the plaintiff in re-
ference to said note, or the loan evidenced thereby, or in
reference to other notes given for said loan.

The Court (BROWN, C. J.,) granted the plaintiff's
prayer, and refused those of the defendant. The de-
fendant excepted. The verdict and judgment being
for the plaintiff, the defendant appealed.

The cause was argued before ALVEY, C. J , YELLOTT,
ROBINSON, IRVING, and McSHERRY, J.

*Joseph Packard, Jr.,* and *Richard M. Venable,* for the
appellant.

*William F. Frick,* for the appellee.

YELLOTT, J., delivered the opinion of the Court.

The suit instituted in the Court below was on a
promissory note signed by Rebecca A. Williams as
maker. The declaration avers "that the defendant,
on the 13th day of December, 1884, by her promissory
note, now over-due, promised to pay, four months after
date, to the order of I. Parker Veazey, twelve thousand
dollars, and the said I. Parker Veazey, before its
maturity, endorsed said note to the plaintiff, but the
defendant did not pay the same." It is shown by
evidence in the cause, not disputed or contradicted,
that this note was deposited with the appellee by I.
Parker Veazey as collateral to a note of Gaddess Bros.
dated December 12th, 1884, for $12,000, at four months
payable to the order of said Veazey and endorsed by
by him. Veazey distinctly states in his testimony

that this note of Gaddess Bros. was paid by him on April 14th, 1885, by his check on the Bank of Baltimore to the order of the cashier; the check stating on its face that it was for note due April 12th, 1885. Simultaneously with the giving of this check his account was credited with the proceeds of a new note of Gaddess Bros. which he says he also paid at maturity by his check on said Bank. Several other notes of Gaddess Bros. were endorsed by Veazey and discounted by the Bank. The last note discounted is signed by Veazey as maker, and dated 16th December, 1885. It reads as follows:

"Four months after date I promise to pay to the order of the National Bank of Baltimore $12,000, with a collateral note of Gaddess Bros. for $12,246.00, with legal interest from date."

This note was not paid at maturity and the firm of Gaddess Bros. having failed and made an assignment for the benefit of creditors, the appellee seeks to hold the appellant responsible on the note dated December 13th, 1884. The question involved in controversy is whether the note sued on is to be considered and treated as collateral security only for the payment of the first note of Gaddess Bros. endorsed by Veazey, or, as collateral security for all the notes given in the subsequent transactions between Veazey and the Bank.

This was a question of fact to be determined by the jury from the proof in the cause. It has been decided in a number of cases that it depends on the intention of the parties whether the giving of a new note extinguishes the existing debt and creates another obligation, or is to be considered as a mere renewal of the old note for which it is substituted. If the old debt is extinguished, the collateral security ceases to operate. If the old debt continues to exist there is no extinguishment of the collateral security.

Williams *vs.* National Bank of Baltimore.

This Court has said in *Flanagin vs. Hambleton*, 44, *Md.*, 227, that "there can be no doubt, that ordinarily the effect of a renewal is to pay the note, even though the old note remains in the Bank untaken up and uncancelled in fact, as is often the case. * * * * It is the intent of the parties and their understanding of it which makes it a renewal. The word renewal has no legal or strictly technical signification. Whether a note is a renewal of another note, adjudged cases say depends entirely upon the intention of the parties."

And in *Haines & Eppley vs. Pearce*, 41 *Md.*, 231, it has been decided that an agreement by the creditor to receive the note or bill absolutely as payment, need not be expressed in terms, but "may be established by the facts and circumstances attending the transaction."

There can be no doubt that if Veazey really paid the notes at maturity, by checks drawn on funds belonging to him and deposited in the bank these checks operated as an absolute payment and extinguishment of an existing indebtedness. *Chambers vs. Miller*, 13 *C. B. N. S.* 132.

If the checks received by the Bank were received in absolute payment of a note which had matured, the effect of this transaction was the extinguishment of an existing debt, and the giving of another note was the creation of another debt, and the holder of the note sued on can not maintain an action on said note, because of the non-payment of the subsequent indebtedness thus created. If, on the other hand, it was intended that the old note, endorsed by Veazey, which was unpaid at maturity, was to be represented by a new note for the same debt, then the collateral security was not rendered inoperative, but still continued to exist in full force and effect. As the jury were to ascertain the intention of the parties, the Court, in granting instructions, should be careful not to mislead

the jurors into the belief, that it was only necessary to ascertain the intention of one of the parties to these transactions.

The prayer offered by the plaintiff, which is of extraordinary length, tends to mislead the jury in regard to the intention of Veazey, in the transactions relating to the renewals already referred to. The question of fact to be determined by the jury was, whether the note of the defendant, which forms the foundation for this suit, was intended by Veazey, as well as by the Bank, as colleateal security for the payment of the notes signed by Gaddess Bros. and endorsed by Veazey. The defendant's note was given to the Bank as collateral security for the payment of the first note signed by Gaddess Bros., and endorsed by Veazey. The jury should have been required, by the instruction granted, to ascertain the intention of Veazey as well as of the Bank. This question should have been presented in plain and explicit terms. This was not done. On the contrary, the phraseology of the instructions tended to confuse, mystify and mislead, and there was error in the Court in not rejecting the prayer as offered.

There was no error in rejecting the three prayers offered by the defendant. The intention of the parties in regard to holding the note sued on, as collateral security for the subsequent notes given, after the non-payment of the first note signed by Gaddess Bros., is not left to the finding of the jury, and these prayers obviously tend to mislead in other respects. They were, therefore, properly rejected.

The first bill of exceptions is founded on the rejection by the Court below, of evidence offered by the defendant, in relation to the existence of a custom among the Banks in Baltimore, to send notice of notes held by them to all persons whose names were on such notes, and that this was the custom when the notes

were held as collateral security. As it had been shown that no notice of the holding of this note, and of the non-payment of the note for which it was held as collateral security, had been sent to the defendant, it was supposed by her counsel, that such facts ought to be considered by the jury. There is evidence in the cause, not contradicted, that no such custom was ever observed by the plaintiff. It has been decided in a number of cases, that notice is not required when a note is held as collateral security. It does not represent the original debt, and to hold the defendant it is not necessary that the plaintiff should regularly proceed to have the note presented and protested. *Westphal vs. Ludlow,* 2 *McCrary,* 505; *Allen vs. Rightmere,* 20 *Johns.,* 365.

No rule of law required the plaintiff to send notice, and as it had not adopted a custom observed by other Banks, which fact is presumed to have been known to the parties having dealings with the plaintiff, the Court below committed no error in rejecting this evidence.

But as there was error in granting the plaintiff's prayer, the judgment must be reversed.

*Judgment reversed, and*
*new trial awarded.*

(Decided 26th March, 1889.)