LAVINIA BRADFORD ET AL. *vs.* THE HARFORD
BANK OF BELAIR.

*Transfer in Fraud of Creditors—Suit to Set Aside—Parties—*
*Sufficiency of Bill—Payment of Note—*
*Making of New Note.*

To a bill to set aside, as in fraud of creditors, a transfer to the debtor's wife, one who is not charged with participation in the fraud, but merely aided in its consummation by transferring to the wife land purchased by him and the husband at trustee's sale, and reported as sold to him alone, is not a necessary party.                                          p. 659

That, on a bill by a bank to set aside a deed as in fraud of it and other creditors, a list of the notes representing the debt to the bank, filed as an exhibit to the bill, failed to show the dates of the notes, was not an omission rendering the bill deficient, it alleging that the notes were held by the bank and were unpaid.                                          p. 660

Whether the acceptance of a new note in the place of one that has matured operates to discharge the original note is a

question of fact, depending upon the circumstances surrounding the transaction and the intention of the parties.     p. 661

A bill to set aside a transfer by defendant as in fraud of plaintiff and other creditors, alleging that the notes of defendant held by plaintiff at the time of the transfer were not paid, the question whether the subsequent acceptance of new notes in place of original notes which had matured, operated as a discharge of the latter, could not be determined on demurrer.

p. 661

Allegations, in a bill to set aside a transfer as in fraud of creditors, as to the fraud and the transferor's insolvency, *held* to be sufficiently certain.                    p. 661

*Decided June 7th, 1924.*

Appeal from the Circuit Court for Harford County, In Equity (PRESTON, J.).

Bill by the Harford Bank of Bel Air against Lavinia Bradford and George William Bradford, her husband. From an order overruling a demurrer to the bill, defendants appeal. Affirmed.

The cause was argued before THOMAS, PATTISON, URNER, ADKINS, OFFUTT, and DIGGES, JJ.

*John L. G. Lee,* for the appellants.

*Thomas H. Robinson,* with whom was *Fred. R. Williams* on the brief, for the appellee.

PATTISON, J., delivered the opinion of the Court.

In this case the appellee, The Harford Bank of Bel Air, on the 6th day of April, 1923, filed its bill against the appellants, Lavinia Bradford and George William W. Bradford, her husband, in the Circuit Court for Harford County. A demurrer filed thereto was sustained, and the plaintiff, on the 20th day of July, thereafter filed an amended bill. A demurrer was likewise filed to that bill, but it was over-

ruled, and from the order overruling it this appeal was taken.

The amended bill alleges that on the 8th day of April, 1920, the defendant, George W. W. Bradford, was largely indebted unto the plaintiff, the Harford Bank, either as maker or endorser, upon promissory notes which were discounted in due course of business by the bank, and which then aggregated the sum of thirty thousand one hundred and ninety-two dollars and fifty-four cents, as shown by a statement filed with the bill, marked "Complainant's Amended Exhibit No. 1"; that on the 21st day of March, 1923, said sum still remained unpaid, and at that time the amount owing by the defendant to the plaintiff was thirty thousand five hundred sixty-two dollars and ten cents, as will appear from a statement filed with the bill, marked "Complainant's Exhibit No. 1"; and in the bill the plaintiff offers to produce, when directed by the court, the notes contained in said "Exhibit No. 1," which are spoken of in the bill as renewal notes. The bill also alleges that the defendant, George W. W. Bradford, was indebted unto the plaintiff on other notes not mentioned in said last-named exhibit, because said indebtedness was not intended to be included in the indebtedness sought to be recovered in these proceedings.

It was then alleged that some time prior to the 8th day of April, 1920, one Harvey Ewing and the defendant, George W. W. Bradford, agreed to purchase, and did purchase, for themselves, at a sale made by trustees under a decree, a part of certain land known as "The Fulford Lands," in Harford County, Maryland, and the land was by the trustees reported as sold to Ewing alone for the sum of fifteen thousand dollars, and the sale so made and reported was finally ratified and confirmed and the land conveyed to Ewing. As alleged by the bill, the "purchase money was paid nominally by said Ewing, but in fact by the said Ewing and George W. W. Bradford." On the 8th day of April, 1920, the defendant, George W. W. Bradford, caused Ewing, by his deed of that date, in which the Permanent Building Association of Har-

·ford County joined to release its lien, to grant and convey unto his wife Lavinia the said land, which was contiguous to ,a part of the old homestead lands formerly owned by the defendant, George W. W. Bradford, but which he had by deed of January 7th, 1909, conveyed to his said wife, and as to such conveyance by Ewing to the defendant, Lavinia Bradford, the bill charges that it "constituted an acquisition of property passing to said defendant Lavinia, his wife, from her said husband, the said defendant, George W. W. Bradford, after coverture" and was made by Bradford to his wife "through the accommodating use of the agency and name of the said Ewing, and was executed and granted to her nominally by said Ewing, but in fact and in truth and in equity by said defendant, George W. W. Bradford, her husband, in prejudice of the rights of his subsisting creditors, including your orator." That at the time said deed was caused to be executed by the said George W. Bradford he was "largely indebted and liable" to the plaintiff "in the said sum of *sixty-nine thousand three hundred seventy-five dollars and forty-five cents,* and to other subsisting creditors," and that at such time he "was insolvent and unable to pay his debts, and that the security on his said obligations to the bank aforesaid was and is not strong enough to secure the payment of the said notes, and that in any event the bank stands to lose, and that the said defendant, George W. W. Bradford, had not the means of paying his said debts, apart from the lands conveyed by said Ewing to said Lavinia," and that said deed made through Ewing was purely voluntary on the part of said Bradford, and that he fraudulently procured it to be made, and that it "was for a simulated and pretended consideration, and was made to hinder, delay and defraud your orator and his other said creditors of their just and lawful debts, and was not only in fraud of the statute of 13 Elizabeth, Chapter 5, but also in fraud of article 45, section 1 of the Code of Public General Laws of Maryland."

The prayer asked that the deed above mentioned "be declared to be an acquisition of property passing to said defendant Lavinia, wife of said defendant George W. W. Bradford, after coverture, and to have been made in prejudice of the rights of said defendant, George W. W. Bradford's subsisting creditors," and that said grantee holds said lands charged with the said debts owing to the plaintiff and other subsisting creditors of her said husband, and that she be required to grant and convey said lands to the defendant, George W. Bradford, and in default thereof that the court "appoint a trustee to grant and convey the same as aforesaid, or, in the alternative, that said lands described in said voluntary, fraudulent, prejudicial deed may be sold and the proceeds arising from said sale may be distributed among all the subsisting creditors of said defendant, George W. W. Bradford at the date thereof, whose debts, claims and demands still remain due and unpaid," and for general relief.

The chief grounds of the demurrer to the bill are (1) that Ewing was not made a party to the bill; (2) that no proper exhibits were filed showing dates of notes due on April 8th, 1920; and (3) that the allegation of the bill as to fraud and the insolvency of George W. W. Bradford are uncertain.

In addition to the provisions of the Statute of 13 Elizabeth, chapter 5, in relation to the subject matter of this suit, section 1 of article 45 of the Code of Public General Laws of this State provides

> "that no acquisition of property passing to the wife from the husband after coverture shall be valid if the same has been made or granted to her in prejudice of the rights of his subsisting creditors, who, however, must assert their claim within three years after the acquisition of the property by the wife, or be absolutely barred, and for the purpose of asserting their rights under this section, claims of creditors of the husband not yet due and matured shall be considered as due and matured."

The bill, in effect, alleges that the land conveyed by Ewing to Lavinia Bradford was a part of a tract of land that was

bought by George W. W. Bradford and Ewing, but which was reported as sold to Ewing only, and, upon ratification of the sale, conveyed to Ewing alone, although, as alleged in the bill, the purchase money therefor was paid by both Ewing and George W. W. Bradford.

Whether the land conveyed to Mrs. Bradford by Ewing, being, as we have said, a part of the lands bought by Bradford and Ewing, had become the sole property of Bradford by division, or otherwise, is not clearly alleged in the bill, but it is, we think, alleged with sufficient clearness that George W. W. Bradford had at least an interest in said lands, and that he fraudulently procured Ewing to convey it to his (Bradford's) wife, which, within the meaning of the statute, was a voluntary conveyance from Bradford to her, made through the agency and name of Ewing, in prejudice of the rights of his subsisting creditors, including the plaintiff.

In *Walter* v. *Riehl,* 38 Md. 211, John Walter on April 7th, 1870, conveyed to his father, Adam Walter, certain leasehold property and thereafter, on the 11th day of April, 1820, Adam Walter conveyed it to Catharine Walter, the wife of John Walter. A bill was filed by the creditors of John Walter, charging that these conveyances were fraudulent and void as against them. The only defendants to the bill were John Walter and Catharine Walter, his wife, and the objection was made that Adam Walter should have been made a party. The Court in that case, speaking through JUDGE MILLER, said: "In many cases it is very difficult to determine who are necessary parties to an equity suit. Upon no subject are the decisions of the most eminent judges and chancellors more various, and apparently conflicting. There is no doubt it is the constant aim as well as the just boast of courts of equity to do complete justice by settling the rights of all persons interested in the subject matter of the suit so that the performance of the decree may be perfectly safe to those who are called upon to obey it, and also that future litigation may be prevented; and where the object of the suit is the sale of property, the endeavor is to prevent its being put in market with a cloud upon the title which can be re-

moved, and to have it offered under circumstances that will, as far as possible, invite a fair and free competition so as to realize to the parties interested its full value and secure to the purchaser a clear title. But still the difficulty remains, is constantly arising in particular cases, and it seems to be admitted that no general rule applicable to all cases can be stated. In *Crook* v. *Brown*, 11 Md. 171, this Court has said 'the question must depend in a great measure upon the object as well as the subject of the bill, the relief sought, the privity between the parties and the manner in which their several interests may have arisen, and it is impossible to state a general rule applicable to all cases.' " Later on in the opinion, JUDGE MILLER says: "Here *both deeds,* the *one* to and the other *from* Adam Walter are vacated, and he held title for less than five days. No fraud or consideration with the other parties is charged against him. The bill charges that John Walter conspired with his wife Catharine Walter to cheat and defraud the creditors of the former and attempted to carry out that fraud by means of those false and fraudulent conveyances * * *. Adam Walter * * * has no interest in the result of the suit, is not charged with participation in the fraud, and was obviously the mere agent or instrument of the husband and wife, and used by them as such in the consummation of their fraud, the sole object being by means of these two deeds to vest title to the property in the wife. It was not therefore necessary to make Adam Walter a party." The case before us is very similar to the one from which we have just quoted. In this case, Ewing is not charged with participation in the fraud, but is alleged to have been the mere agent and instrument of the husband, George W. W. Bradford, and used by him as such, in the consummation of the alleged fraud, the object of which was to convey to his wife title to property belonging to him, in prejudice of the rights of his subsisting creditors. If he, at the time, had any interest in said land, it passed to Mrs. Bradford under said deed. Consequently he has no interest in, and cannot be affected by, the result of this suit. There-

fore, we discover no reason why he should have been made a party to the bill.

The second ground of the demurrer is that no proper exhibits were filed, showing dates of notes, due on April 8th, 1920, the day of the execution of the alleged fraudulent conveyance from Ewing to Lavinia Bradford, on which George W. W. Bradford was largely indebted unto the plaintiff, either as maker or endorser. With the bill were filed two lists of notes held by the bank, on which George W. W. Bradford was either maker or endorser, one being the notes held by the bank on the date of the execution of the conveyance from Ewing to Lavinia Bradford and the other being those held by the bank on March 21st, 1923, just prior to the filing of the original bill. By these lists were shown the discount numbers of the notes at such times, the names of the makers and endorser or endorsers, the amount of each note and the date of its maturity.

The amount of the notes held by the bank on the date of the execution of the alleged fraudulent conveyance aggregated thirty thousand one hundred ninety-two dollars and fifty-four cents, which indebtedness, as the bill alleges, has never been paid; and on the 21st day of March, 1923, the amount of unpaid notes then held by the bank had increased to the sum of thirty thousand five hundred sixty-two dollars and ten cents. These later notes or many of them were taken by the bank in renewal of those held by it at the earlier date mentioned.

It is true the dates of the notes are not shown by the above mentioned list, but it is alleged that said notes were held by the bank and were unpaid. This omission, if one that could be reached by a demurrer, was certainly not an omission that would render the bill deficient. It would seem, however, from the argument of the defendants' counsel, that the objection under consideration is based upon the contention made by them that the listed notes, held by the plaintiff at the time of the alleged fraudulent conveyance, when surrendered, and new notes taken therefor, were thereby paid, and, this being so, the alleged indebtedness evidenced by the renewal notes

was not owing at the time of the conveyance, and conse-
quently, as claimed by them, there was nothing owing from
the defendants to the plaintiff at such time, upon which the
bill in this case could have been founded.

The acceptance of a new note in the place of one that has
matured, may or may not discharge the original note.
Whether the new note so operates to discharge the original
note, is a question of fact depending upon the circumstances
surrounding the transaction, and the intention of the parties.
*Flanagin* v. *Hambleton,* 54 Md. 222; *Williams* v. *National
Bank,* 70 Md. 349; *Williams* v. *National Bank,* 72 Md. 441;
*Councilman* v. *Towson Bank,* 103 Md. 477.    The plaintiff
having alleged that said original notes *were not paid,* the
question whether the acceptance of the new notes, for the
notes which had matured, operated as a discharge of said
original notes, cannot be determined upon the demurrer here
filed to the bill.

The third ground of the demurrer, that the allegations of
the bill as to fraud and insolvency of George W. W. Bradford
are uncertain, is shown to be untenable when such allega-
tions, already fully set out, are examined.    Nor do we think
the other objections urged against the sufficiency of the bill
are sufficient to render the bill bad.

The order of the court overruling the demurrer will there-
fore be affirmed and the cause remanded.

> *Order overruling the demurrer affirmed, and the
> case remanded, with costs in this Court to
> the appellee.    The costs in the lower court to
> await the final result of the case.*